1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10   DELIGHT SANCHEZ, individually and as
     successor in interest to DAVID P. SANCHEZ,
11   deceased; DAVID SANCHEZ, an individual;
     and DION SANCHEZ, an individual,                    No. C 18-03704 WHA
12
                    Plaintiffs,
13
          v.
14                                                        **ORDER GRANTING**
     AIR & LIQUID SYSTEMS,                                **MOTION TO REMAND**
15   CORPORATION, *et al.*,

16                  Defendants.
                                                        /
17

18                              **INTRODUCTION**

19          In this wrongful death action based upon alleged exposure to asbestos, plaintiffs seek

20   remand to state court.  Because this order finds federal-officer subject matter jurisdiction

21   lacking, plaintiffs' motion to remand is **GRANTED**.

22                               **STATEMENT**

23          The complaint asserts asbestos-related wrongful death claims by plaintiffs Delight

24   Sanchez, the widow of decedent David P. Sanchez, and Dion and David Sanchez, decedent's

25   sons.  Defendants are companies that manufactured products containing asbestos during the

26   relevant time period.  Plaintiffs allege that decedent David P. Sanchez was exposed to asbestos

27   while serving aboard the USS Tortuga in the United States Navy from 1956 to 1959.

28   Sanchez was diagnosed with mesothelioma in September 2017 and died two months later due to

his exposure, according to plaintiffs (Compl. ¶ 12). Plaintiffs further allege that the products

with which decedent came into contact were manufactured by defendants. Plaintiffs' wrongful

death claims stem primarily from design defect and failure-to-warn allegations.

In June 2018, defendant Aurora Pump Company ("Aurora") removed this action from

Alameda County Superior Court. At oral argument on the motion to remand, supplemental

briefing on the question of whether there is evidence the United States Navy directed defendant

to use asbestos in its products was ordered. As evidence, Aurora submitted two documents

issued by the United States Military: MIL-P-17639 (1953) and MIL-P-17640 (1954) (Dkt. No.

96, Exh. 4).

Aurora contends that the products in question were in accordance with the demands of

the United States Navy, both in terms of design and warning requirements. Aurora argues such

specifications present a colorable argument that it is a government contractor who is therefore

immune from state tort law. As such, Aurora contends removal was proper (Dkt. Nos. 45, 58).

**ANALYSIS**

**1.    FEDERAL OFFICER DEFENSE.**

The provision under which defendant Aurora asserts federal jurisdiction is the Federal

Officer Removal Statute, which provides in part:

> A civil action or criminal prosecution that is commenced in a State
> court and that is against or directed to any of the following may be
> removed by them to the district court of the United States for the
> district and division embracing the place wherein it is pending:
>
> (1)  The United States or any agency thereof or any officer (or any
> person acting under that officer) of the United States or of any
> agency thereof, in an official or individual capacity, for or relating
> to any act under color of such office or on account of any right,
> title or authority claimed under any Act of Congress for the
> apprehension or punishment of criminals or the collection of the
> revenue

28 U.S.C. § 1442(a)(1).

To invoke federal officer removal under Section 1442(a)(1), a defendant must establish:

(1) that it is a person within the meaning of the statute; (2) that it can assert a colorable federal

defense; and  (3) that there is a causal nexus between its actions, taken pursuant to a federal

officer's directions, and plaintiffs' claims. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247,

1251 (9th Cir. 2006). The first element is not in dispute. This order finds, however, that Aurora

failed to establish a colorable federal defense and has therefore failed to overcome the

presumption against removal.

### A. Aurora's Government-Contractor Defense Does Not Rise to the Level of a Colorable Federal Defense.

The government-contractor defense provides a defense where an accused supplier sells

military equipment to, or performs work for, the United States when: (1) the United States

approved reasonably precise specifications; (2) the equipment conformed to those specifications;

and (3) the supplier warned the United States about the dangers in the use of the equipment that

were known to the supplier but not the United States. *Boyle v. United Techs. Corp.*, 487 U.S.

500, 512 (1988). The defense applies "only when the Government, making a discretionary,

safety-related military procurement decision contrary to the requirements of state law,

incorporates this decision into a military contractor's contractual obligations, thereby limiting

the contractor's ability to accommodate safety in a different fashion." *In re Hawaii Fed.*

*Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992). This order finds Aurora failed to establish

the third element and thus removal was proper.

*First*, Aurora must show the United States approved reasonably precise specifications.

Here, Aurora has satisfied this prong. In support of its government contractor defense, Aurora

submitted two documents issued by the United States Military: MIL-P-17639 (1953) and

MIL-P-17640 (1954) (Dkt. No. 96, Exh. 4). Each document included language stating that

"pump casing joints shall be made up using compressed asbestos sheet gaskets" (Dkt. No. 96,

Exh. 4, ¶ 3.4.1.5; 3.26). Thus, Aurora's evidence shows that the military approved the use of

asbestos in its pumps.[*]

*Second*, Aurora must prove its equipment conformed to military specifications.

To establish conformity with the Navy's specifications, Aurora must show "extensive

---

[*] Aurora requests judicial notice of military specifications MIL-P-17639 (SHIPS) and MIL-P-17640 (SHIPS) (Dkt. No. 96). Plaintiffs do not oppose. A court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Accordingly, Aurora's request for judicial notice is **GRANTED**.

1  government involvement in the design, review, development, and testing of a product" and

2  "extensive acceptance and use of the product following production." *Getz v. Boeing Co.*, 654

3  F.3d 852, 864 (9th Cir. 2011). Aurora must make this showing by a preponderance of the

4  evidence. *Leite v. Crane Co.,* 749 F.3d 1117, 1122 (9th Cir. 2014). The complaint proceeds on

5  the premise that Aurora's pumps conformed to the specifications, so this requirement will be

6  met; otherwise plaintiff has no case.

7       *Third*, Aurora must prove it warned the United States about "the dangers in the use of the

8  equipment that were known to the supplier but not the United States. *Boyle*, 487 U.S. at 512.

9  Where "a contractor does not offer any evidence that it proposed a warning to the government,"

10  the contractor "cannot rely on a hypothetical assertion that such an effort would have been

11  futile." *See Lindenmayer v. Allied Packing & Supply, Inc.*, No. C09–05800, 2010 WL 234906,

12  at \*6 (N.D. Cal. Jan. 14, 2010) (Judge Thelton Henderson) (granting motion to remand).

13       Aurora could have disposed of its duty to warn against the harms of asbestos had

14  they used an alternate material in manufacturing their pumps. Plaintiffs correctly note that

15  MIL-P-17639 (1953) included language stating that, "the use of materials differing in properties

16  from those specified . . . will be considered when the contractor shows the necessity for such

17  substitution, the material is readily obtainable, and provided that the material is satisfactory to

18  the bureau or agency concerned" (Dkt. No. 96-5, Exh. A, ¶ 3.2.2). Thus, Aurora could have

19  manufactured its pumps using an alternate material. Moreover, Aurora has not furnished

20  evidence showing that the Navy would have rejected alternatives to asbestos.

21       Aurora argues it was relieved of its duty to warn the Navy about potential asbestos

22  hazards because the Navy was already aware of these hazards (Dkt. No. 58). In support of this

23  argument, Aurora cites non-binding authority for the proposition that the Navy knew at least as

24  much about asbestos hazards as it did (Dkt. No. 58 at 11). *See Niemann v. McDonnell Douglas*

25  *Corp.*, 721 F. Supp. 1019, 1027–28 (S.D. Ill. 1989) (Judge William Beatty). *Niemann,* however,

26  is distinguishable. There, the defendants submitted evidence in the form of declarations and

27  affidavits, showing the defendants themselves were "unaware of the dangers and risks associated

28  with the use of asbestos." *Id.* at 1127. The defendants also submitted two depositions that

4

showed that at the time the aircraft in question were constructed, the "government was aware of the risks of the use of asbestos, and chose to continue to use asbestos in spite of this knowledge." *Ibid.* Here, knowledge by some in the Navy, by itself, does not excuse Aurora's failure to warn. Unlike in *Niemann*, Aurora has submitted nothing showing Aurora was unaware of the dangers of asbestos while the government was fully aware of the risks. Thus, this element is not met.

Because this order finds that Aurora has failed to assert a colorable federal defense, it does not and need not reach the causal nexus element.

### 2. ATTORNEY'S FEES GRANTED.

Plaintiffs request an award of costs and attorney's fees pursuant to Section 1447(c), which provides that an order of remand "may require payment to just costs and any actual expenses, including attorney fees, incurred as a result of removal." A court has "wide discretion" in deciding whether to award attorney's fees under this provision. *Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992). Attorney's fees should be awarded only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because Aurora lacked any objectively reasonable basis to remove this action, plaintiffs' request for attorney's fees in the amount of $3,500 is **GRANTED**.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is **GRANTED**. This action is immediately **REMANDED** to the Superior Court of California for the County of Alameda. Plaintiffs' request for attorney's fees in the amount of $3,500 is **GRANTED.** The Court will retain jurisdiction solely in connection with enforcing the aforementioned attorney's fee award.

**IT IS SO ORDERED.**

Dated: September 20, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5